**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

BRIAN FELSEN AND MATTHEW RAGUSANO,

Plaintiffs,

v.

THE VANGUARD GROUP, INC.,

Defendant.

Case No. 2:25-cv-02359-JFM

**CERTIFICATION REGARDING DEFENDANT'S**
**MOTION TO DISMISS THE COMPLAINT**

The Vanguard Group, Inc. ("Vanguard") submits this Certification in connection with its Motion to Dismiss Plaintiff's Complaint and pursuant to paragraph 5 of the Court's Policies and Procedures. On July 1, 2025, counsel for Vanguard met and conferred with counsel for Plaintiffs regarding the substance of Vanguard's Motion to Dismiss. Vanguard is opposed to discovery proceeding during the pendency of its Motion to Dismiss. Plaintiffs are not opposed to a partial stay of discovery during the pendency of Defendant's motion to dismiss, but Plaintiffs believe that the parties should be required exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). As noted below, Vanguard agrees to the exchange of initial disclosures while the Motion to Dismiss is pending. The positions of the parties are set forth more fully below.

**Vanguard's Position:** As set forth more fully in Vanguard's Motion to Dismiss and accompanying Memorandum of Law, Vanguard respectfully requests that the Court dismiss Plaintiffs' Complaint in its entirety. Because Vanguard's Motion addresses all claims and, if granted, will be dispositive of the entirety of this case, Vanguard does not believe that discovery should proceed during the pendency of its Motion. Engaging in discovery while the Motion is

pending would result in significant wasted time and resources. Even if the Court does not grant the Motion in its entirety, dismissal of certain claims may narrow and substantially impact the scope of discovery and, thus, waiting to proceed with discovery will avoid needless discovery into issues that may no longer remain in the case. Vanguard has considered Plaintiffs' compromise proposed below and agrees to the exchange of initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) while the Motion to Dismiss is pending provided that all discovery is otherwise stayed.

**<u>Plaintiffs' Position:</u>** Plaintiffs respectfully request that discovery be permitted in a limited fashion during the pendency of Defendant's motion to dismiss. Although Defendant is moving to dismiss all of Plaintiffs' claims, relevant caselaw suggests it is unlikely that Plaintiffs' claims will be dismissed in their entirety. As a compromise, Plaintiffs propose exchanging initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), as the categories of information contained therein will not materially differ based on whether certain claims survive dismissal.

Dated: July 11, 2025

Respectfully submitted,

.

*<u>/s/ Kristin M. Hadgis</u>*

MORGAN, LEWIS & BOCKIUS LLP
Ezra D. Church
Kristin M. Hadgis
Terese M. Schireson
2222 Market Street
Philadelphia, PA 19103-3007
Tel: 215.963.5000
ezra.church@morganlewis.com
kristin.hadgis@morganlewis.com
terese.schireson@morganlewis.com

Megan A. Suehiro (*pro hac vice* forthcoming)
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: 213.612.2500
megan.suehiro@morganlewis.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused true and correct copies of the foregoing document to be served via electronic filing upon all counsel of record via the ECF system.

Dated: July 11, 2025

*/s/ Kristin M. Hadgis*
Kristin M. Hadgis