**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BRIAN FELSEN, MATTHEW RAGUSANO, AND NAMBARAMEY DY,<br><br>Plaintiffs,<br><br>v.<br><br>THE VANGUARD GROUP, INC.,<br><br>Defendant. | Case No. 2:25-cv-02359-JFM |

**CERTIFICATION REGARDING DEFENDANT'S**
**MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

The Vanguard Group, Inc. ("Vanguard") submits this Certification in connection with its Motion to Dismiss Plaintiffs' Amended Complaint ("Motion") and pursuant to paragraph 5 of the Court's Policies and Procedures. On August 5, 2025, counsel for Vanguard met and conferred with counsel for Plaintiffs regarding the substance of Vanguard's Motion and whether discovery should proceed while the Motion is pending. The Parties have agreed that discovery should be stayed while Vanguard's Motion is pending, other than the exchange of initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

**Vanguard's Position:** Because Vanguard's Motion addresses all claims and, if granted, will be dispositive of the entirety of this case, Vanguard does not believe that discovery should proceed during the pendency of its Motion. Engaging in discovery while the Motion is pending would result in significant wasted time and resources. Even if the Court does not grant the Motion in its entirety, dismissal of certain claims may narrow and substantially impact the scope of discovery and, thus, a stay of discovery will avoid needless discovery into issues that may no longer remain in the case. Vanguard has considered Plaintiffs' compromise proposed below and

agrees to the exchange of initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) while the Motion is pending provided that all discovery is otherwise stayed.

**Plaintiffs' Position:** Plaintiffs respectfully request that discovery be permitted in a limited fashion during the pendency of Defendant's motion to dismiss. Although Defendant is moving to dismiss all of Plaintiffs' claims, relevant caselaw suggests it is unlikely that Plaintiffs' claims will be dismissed in their entirety. As a compromise, Plaintiffs propose exchanging initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), as the categories of information contained therein will not materially differ based on whether certain claims survive dismissal.

Dated: August 8, 2025

Respectfully submitted,

.

*/s/ Kristin M. Hadgis*

MORGAN, LEWIS & BOCKIUS LLP
Ezra D. Church
Kristin M. Hadgis
Terese M. Schireson
2222 Market Street
Philadelphia, PA 19103-3007
Tel: 215.963.5000
ezra.church@morganlewis.com
kristin.hadgis@morganlewis.com
terese.schireson@morganlewis.com

Megan A. Suehiro (*pro hac vice* forthcoming)
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: 213.612.2500
megan.suehiro@morganlewis.com

# CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused true and correct copies of the foregoing document to be served via electronic filing upon all counsel of record via the ECF system.

Dated: August 8, 2025

*/s/ Kristin M. Hadgis*
Kristin M. Hadgis