**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BRIAN FELSEN, MATTHEW RAGUSANO, and NAMBARAMEY DY, *individually and on behalf of all others situated*,<br><br>Plaintiffs,<br><br>v.<br><br>THE VANGUARD GROUP, INC.,<br><br>Defendant. | Case No. 2:25-cv-02359-JFM |

**PLAINTIFFS' SUPPLEMENTAL BRIEF RE: STANDING PURSUANT TO <u>OCTOBER 15, 2025 ORDER (ECF NO. 21)</u>**

**ATLEE HALL, LLP**
Mark C. Atlee (PA No. 204627)
415 North Duke Street
Lancaster, PA 17602
Telephone: (717) 393-9596
Facsimile: (717) 393-2138
E-mail: mcatlee@atleehall.com

**BURSOR & FISHER, P.A.**
Alec M. Leslie *(pro hac vice* application forthcoming)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
E-Mail: aleslie@bursor.com

*Attorneys for Plaintiffs and the Putative Clas*

On October 15, 2025, the Court entered an Order directing Plaintiffs to file a supplemental brief to address standing under the Third Circuit's recent decision in *Cook v. GameStop, Inc.*, 148 F.4th 153 (3d Cir. 2025). ECF No. 21. Given that the instant case involves the disclosure of protected financial information from within Vanguard customers' password protected accounts, Plaintiffs have alleged a highly offensive intrusion and *Cook* does not warrant a finding that Plaintiffs lack standing.

In *Cook*, the privacy harm alleged by the plaintiff was tied to general, anonymized internet browsing activity on a video game retailer's website through the use of session replay technology. 148 F.th at 156. *Cook*'s holding is unsurprising, given that the plaintiff failed to allege an interception of information that was "personal or sensitive" from browsing a video game retailer's public website. *Id.* at 160.

The Third Circuit recognized "that Cook lacks standing does not mean that no plaintiff can proceed in federal court to seek redress of web-browsing tracking under WESCA." *Id.* at 161 n.4. The alleged conduct here is the exact type of harm WESCA was enacted to protect against: Plaintiffs allege Defendant intercepted and disclosed private, password-protected and specific investment trades and purchases, as well as private research regarding investments, to unknown third parties, and did so for Defendant's and the third parties' own benefits. First Amended Complaint ("FAC") ¶¶ 1, 5, 92. ECF No. 12. Plaintiffs' allegations go far beyond online shopping on a public website. As a result, the harm alleged here is analogous to the common law tort of intrusion upon seclusion.

## I. *COOK* CONCERNED GENERAL, ANONYMIZED BROWSING ACTIVITY FOR VIDEO GAMES

Relevant to the Third Circuit's analysis in *Cook* was that, when browsing GameStop's public website for video games, Cook "did not share her name, contact information, address, or

billing information while on GameStop's website. Cook alleged that GameStop obtain[ed] certain information about her device [and] browser and create[d] a unique ID and profile for her. But she did not allege that GameStop identified her through this information," meaning the information collected was anonymous. *Id*. at 159-160 (internal citations omitted).

Here, the FAC describes how Plaintiffs were identified by the third parties. *See* FAC ¶¶ 48-49, 64, 73-74. Therefore, this was not anonymous browsing. *Id*. ¶ 90 ("Each purchase, search, or communication with Defendant's Website or App is linked to an individual using the cookies and other identifying information described above."). And unlike in *Delong v. PHE, Inc.*, 2025 WL 2447787 (E.D. Pa. Aug. 25, 2025) (Murphy, J.), Plaintiffs sufficiently allege that they had a reasonable expectation of privacy in making transactions through Vanguard's platform. *Id.* ¶¶ 5, 141, 154, 172, 183. The interception alleged here—that of sensitive financial investment data—did not occur through "normal browsing" or "normal internet use." *Delong*, 2025 WL 2447787, at *6. It occurred within private Vanguard accounts. FAC ¶ 87 ("When a user logs in to their account and selects investments, every selection the user makes is tracked through the page URL, which identifies a purchase is being made and which fund or stock is being purchased. Through the trackers installed on the Website, the Third Parties intercept all responses entered by users, in real time, as shown below. For example, LinkedIn and Google intercept each stage of a user's selection of Domestic Stock for investment, the ticker name, and the action the user is taking with this investment."); *id.* ¶ 88 ("The same is true regarding purchases on the App. A record of each purchase, including the ticker of the fund purchased, is sent in real time to LinkedIn and Google."); *id.* ¶ 89 ("Additionally, every search query a user enters into Defendant's Website and App collected and transmitted to LinkedIn and Google.").

## II. UNLIKE *COOK*, THE INFORMATION INTERCEPTED WAS "PERSONAL" AND "SENSITIVE"

In *Cook*, the Third Circuit held, "none of the information Cook entered on GameStop's website was personal or sensitive" and therefore she "cannot plausibly allege an intrusion of her solitude or seclusion as to her person or private affairs." *Cook*, 148 F.4th at 160.

The allegations in the FAC concern significantly more invasive conduct than shopping for video games on a public website. Here, password-protected information, including Plaintiffs' investment trades and purchases, were intercepted from the dashboard of their private investment accounts. FAC ¶ 87 ("When a user logs in to their account and selects investments…the Third Parties intercept all responses entered by users, in real time, as shown below. For example, LinkedIn and Google intercept each stage of a user's selection of Domestic Stock for investment, the ticker name, and the action the user is taking with this investment."). Plaintiffs' financial investments are unequivocally "personal or sensitive" in nature as the website activity at issue involved "private affairs" within a password protected account. *Cook*, 148 F.4th at 160, 162. Indeed, this Court has recently noted that "credit card, <u>banking</u>, or medical information … is private." *Delong*, 2025 WL 2447787, at *6 (emphasis added).

## III. DEFENDANT'S AND LINKEDIN'S ACTIONS CONTRADICTED THEIR OWN REPRESENTATIONS ABOUT USER PRIVACY

Also relevant under *Cook* is whether Defendant tracked personal information in violation of a promise not to do so. *See Cook*, 148 F.4th at 162 (citing *In re: Google Inc. Cookie Placement Consumer Priv. Litig.*, 934 F.3d 316, 325 (3d Cir. 2019) (*Google II*) and *In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262, 269 (3d Cir. 2016). Defendant and LinkedIn ensure consumers that the sensitive financial information entered into the Website and app would not unlawfully collected. FAC ¶ 2 ("On the account creation pages, Vanguard represents that '[t]his application is secure.' Indeed, users would not disclose such information if they suspected that it

was not being safeguarded."); *id.* ¶¶ 45-46 ("LinkedIn offers an express representation: 'We will only collect and process personal data about you where we have lawful bases.' Despite this explicit representation, LinkedIn intentionally intercepts and receives sensitive information in violation of state and federal privacy laws due to the value of the data."). Further, the fact that Plaintiffs had to create accounts and could only access the portals where interceptions occurred with passwords reinforces a sense created by Defendant that the information is not being shared with unknown third parties, thereby creating a reasonable expectation of privacy. *Id.* ¶ 5 ("Despite reasonable expectations of privacy and Defendant's legal duties to prevent the disclosure of such private information, Defendant disclosed and assisted the Third Parties in intentionally intercepting confidential information from Defendant's Website and App[.]").

Whereas in *Cook*, "GameStop made no promise to refrain from collecting information," *Cook*, 148 F.4th at 162, that is not the case here. As this Court has recognized, such conduct may create a reasonable expectation of privacy that could make Defendant's use of Facebook, Google, and LinkedIn's tracking software an intrusion sufficient to confer standing. *See Delong v. PHE, Inc.*, 2025 WL 2447787, at *5-6 (E.D. Pa. Aug. 25, 2025) (Murphy, J.) ("Here, Mr. Delong does not allege that PHE made any explicit promises creating a reasonable expectation of privacy on its website that could make PHE's use of Google Analytics an intrusion sufficient to confer standing.").

## IV. PLAINTIFFS HAVE ALLEGED A HARM ANALOGOUS TO INTRUSION UPON SECLUSION

This case stands in stark contrast from others involving routine internet browsing on public retail websites. Consistent with Third Circuit precedent, the injuries alleged in the FAC bear a close relationship to the common law tort of intrusion upon seclusion. It is eminently reasonable for Plaintiffs to expect privacy in their password protected, private investment account portals.

FAC ¶ 5, 141, 154, 172, 183. These expectations were further reinforced by "Defendant's legal duties to prevent the disclosure of such private information" because the information at issue is subject to protection under the Gramm-Leach-Bliley Act and the California Financial Information Privacy Act.

While it is true that internet users cannot reasonably expect all their online activity to be private, this is one instance where it is reasonable. The interception of Plaintiffs' private investment transactions within a password-protected dashboard for their financial investment accounts is "highly offensive" and intrudes upon their seclusion. Plaintiffs therefore have alleged a concrete harm sufficient to confer Article III standing under *Cook*.

Dated: October 22, 2025

Respectfully submitted,

By: /s/ *Mark C. Atlee*
Mark C. Atlee

**ATLEE HALL, LLP**
Mark C. Atlee (PA No. 204627)
415 North Duke Street
Lancaster, PA 17602
Telephone: (717) 393-9596
Facsimile: (717) 393-2138
E-mail: mcatlee@atleehall.com

**BURSOR & FISHER, P.A.**
Alec M. Leslie (*pro hac vice* application forthcoming)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
E-Mail: aleslie@bursor.com

*Attorneys for Plaintiffs and the Putative Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused true and correct copies of the foregoing document to be served via electronic filing upon all counsel of record via the ECF system.

Dated: October 22, 2025

Respectfully submitted,

By: _/s/ __*Mark C. Atlee*____
Mark C. Atlee