**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BRIAN FELSEN, MATTHEW RAGUSANO, and NAMBARAMEY DY, individually and on behalf of all others situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE VANGUARD GROUP, INC.,<br><br>Defendant. | Case No. 2:25-cv-02359-JFM |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY RE: DEFENDANT'S MOTION TO DISMISS (ECF NO. 13)**

Plaintiffs Brian Felsen, Matthew Ragusano, and Nambaramey Dy ("Plaintiffs") hereby submit this Notice to bring to the Court's attention a recent motion to dismiss decision in the matter captioned *Yates v. Evernorth Health, Inc., et al.*, Case No. 2:25-cv-02773-PD, ECF No. 20 (E.D. Pa. Dec. 10, 2025) (Diamond, J.). A true and correct copy of the *Yates* decision is attached hereto as **Exhibit A**. Plaintiffs respectfully submit *Yates* is relevant to the parties' arguments as to standing, WESCA, and the ECPA.

Dated: December 17, 2025

Respectfully submitted,

/s/ *Mark C. Atlee*

ATLEE HALL, LLP
Mark C. Atlee
415 Duke Street
Lancaster, PA 17602
Tel.: 717.393.9596
Fax: 7717.393.2138
mcatlee@atleehall.com

BURSOR & FISHER, P.A.
Alec M. Leslie (Id. No. 338682, *pro hac vice* forthcoming)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: 646.837.7150
Fax: 212.989.9163
aleslie@bursor.com

*Attorneys for Plaintiffs*

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ERIN YATES, individually and on behalf of all others similarly situated,** **Plaintiff,** | : | |
| **v.** | : | **Civ. No. 25-2773** |
| **EVERNORTH HEALTH, INC., *et al.*,** **Defendants.** | : | |

**<u>O R D E R</u>**

Plaintiff Erin Yates brings data privacy claims under the Electronic Communications Privacy Act on behalf of a putative nationwide class, and under the Pennsylvania Wiretapping and Electronic Surveillance Control Act, on behalf of a putative Pennsylvania subclass. 18 U.S.C. § 2510, *et seq.*; 18 Pa. Cons. Stat. § 5701, *et seq.* (Compl., Doc. No. 1.) Defendants Evernorth Health, Inc. and MDLIVE, Inc. move to dismiss. (Doc. No. 10.) I will deny the Motion.

**I. BACKGROUND**

As alleged, Cigna subsidiaries Evernorth and MDLIVE maintain and operate the Website through which Cigna policyholders schedule medical appointments. (Doc. No. 1 ¶¶ 1–3, 12.) Yates personally used the Website to search for treatment options and schedule medical appointments between August 2022 and November 2023. (<u>Id.</u> ¶ 8.)

Defendants employed various third-party tracking technologies on the Website: the DoubleClick API, the Google Analytics Tracking Code, and the Meta Pixel. (<u>Id.</u> ¶¶ 41, 66, 79.) The Website's users (including Yates) did not know that these technologies enabled Defendants as well as Third Parties Meta and Google to track users' activity on each page of the Website, including the treatments or services users sought and selected. (<u>Id.</u> ¶¶ 6, 8, 54, 82, 84.) Defendants

intercepted this information so that the Third Parties could target users with advertising. (Id. ¶¶ 6, 82–83, 88.)

Yates alleges that this information was protected by HIPAA, and that its disclosure "to tracking technology vendors for marketing purposes, without individuals' HIPAA-compliant authorizations" was thus impermissible. (Id. ¶¶ 24, 30, 112, 115, 131.)

Defendants move to dismiss for lack of standing and failure to state a claim. (Doc. No. 10.) Attached to that Motion are ten exhibits that Defendants ask me either to deem incorporated by reference or judicially notice: copies of webpages purportedly describing the functionality of the third-party tracking technologies, copies of Defendants' own webpages, and copies of Defendants' privacy policies. (Doc. No. 10, Exs. A–J; Doc. No. 11.) The matter is fully briefed. (Doc. Nos. 10, 18, 19.)

## II. LEGAL STANDARDS

"'A motion to dismiss for want of standing is . . . properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter.'" Const. Party of Pennsylvania v. Aichele, 757 F.3d 347, 357 (3d Cir. 2014) (quoting Ballentine v. United States, 486 F.3d 806, 810 (3d Cir.2007). I must "first determine . . . whether a Rule 12(b)(1) motion presents a 'facial' attack or a 'factual' attack on the claim[s] at issue." Id. Because Defendants do not dispute Plaintiffs' factual allegations, I will construe their 12(b)(1) Motion as a facial challenge. Accordingly, I must accept Plaintiffs' factual allegations as true. Davis v. Wells Fargo, 824 F.3d 333, 346 (3d Cir. 2016).

In addition to accepting as true Plaintiff's factual allegations, I must make all reasonable inferences in her favor. Fed. R. Civ. P. 12(b)(6); In re Rockefeller Ctr. Props., Inc., 311 F.3d 198, 215 (3d Cir. 2002). I may also consider "matters incorporated by reference or integral to the

claim[s]" and "items subject to judicial notice" without converting a dismissal motion into one for summary judgment. Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (citations omitted). The burden is on the moving party to show that the plaintiff has failed to allege facts sufficiently detailed to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65, 1974 (2007); Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). A plaintiff must "state a claim to relief that is plausible on its face." Phillips, 515 F.3d at 234. "The inquiry is not whether plaintiffs will ultimately prevail on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims." In re Rockefeller, 311 F.3d at 215.

## III. DISCUSSION

In her Complaint, Plaintiff cites the webpages that Defendant attached to their Motion to Dismiss as Exhibits C, D, G, I, and J. (Doc. No. 1 ¶¶ 1, 8, 12, 80-82; Doc. No. 10, Exs. C, D, G, I, J.) Defendants also attached as Exhibits E, F, and H Defendants' publicly available privacy policies. (Doc. No. 10, Exs. E, F, H.) I will consider these Exhibits in deciding Defendants' Motion. See Najjar v. Salameh, 787 F. Supp. 3d 8, 14 (D.N.J. 2025) ("[T]he Court *can* consider documents referenced in the [Complaint] and the Court can take judicial notice of these public websites."); Fed. R. Evid. 201(b).

I will not take judicial notice of Exhibits A and B, which purport to describe the functionality of the third-party tracking technologies. These webpages—hosted by nonparties "BigCommerce Pty. Ltd." and "OptimizeSmart.com"—"may only be considered for the limited purpose of showing that a particular statement was made by a particular person," and not "for the truth of the matters stated within them." (Doc. No. 10, Exs. A, B.) In re Viropharma, Inc. Sec. Litig., No. 02-1627, 2003 WL 1824914, at *1 (E.D. Pa. Apr. 7, 2003).

**A. Standing**

"To have standing, '[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" Pub. Int. Legal Found. v. Sec'y Commonwealth of Pa., 136 F.4th 456, 461 (3d Cir. 2025). "An injury in fact exists if a plaintiff has suffered 'an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.'" Id. "Only those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court." TransUnion LLC v. Ramirez, 594 U.S. 413, 427 (2021).

Defendants argue that Yates "lacks Article III standing because she fails to allege an 'injury in fact,' having made no connection between the Online Technologies to her." (Doc. No. 10 at 10.) I disagree.

"[A] concrete injury for Article III standing purposes occurs when," as Yates alleges here, a third party "tracks a person's internet browser activity without authorization." In re: Google Inc. Cookie Placement Consumer Priv. Litig., 934 F.3d 316, 325 (3d Cir. 2019); cf. Cook v. GameStop, Inc., 148 F.4th 153, 160, 162 (3d Cir. 2025) (no concrete injury where "none of the information [the plaintiff] entered on [the defendant's] website was personal or sensitive," and the defendant "disclosed what information it would collect"). Moreover, "[t]he purported injury here is . . . particularized, as [Yates] complains about the disclosure of information relating to . . . her online behavior." In re Nickelodeon Consumer Priv. Litig., 827 F.3d 262, 274 (3d Cir. 2016).

**B. Failure to State a Claim**

"An ECPA claim requires that plaintiff shows that the defendant: '(1) intentionally (2) intercepted, endeavored to intercept or procured another person to intercept or endeavor to

intercept (3) the contents of (4) an electronic communication, (5) using a device.'" Murphy v. Thomas Jefferson Univ. Hosps., Inc., No. 22-4674, 2024 WL 4350328, at *3 (E.D. Pa. Sept. 30, 2024) (quoting Smart v. Main Line Health, No. 22-5239, 2024 WL 2943760, at *3 (E.D. Pa. June 10, 2024)).

Similarly, "[t]he WESCA offers a private civil cause of action to '[a]ny person whose wire, electronic or oral communication is intercepted, disclosed or used in violation of [that statute]' against 'any person who intercepts, discloses or uses or procures any other person to intercept, disclose or use, such communication.'" Popa v. Harriet Carter Gifts, Inc., 52 F.4th 121, 125 (3d Cir. 2022) (quoting 18 Pa. C.S. § 5725(a).) The WESCA "operates in conjunction with and as a supplement to" the ECPA. Id.

*Pleading Standards*

Defendants argue that dismissal is warranted for failure to comply with Rule 8 because "Plaintiff fails to specify what (if any) data she allegedly input into MDLIVE's website and if she did so on a page allegedly utilizing Online Technologies." (Doc. No. 10 at 13.) To the contrary, Yates alleges that the tracking technologies were employed on "each page" of the Website, which necessarily includes "the scheduling portal on the Website" where "she searched for treatment options and scheduled her medical appointment" on November 22, 2023. (Doc. No. 1 ¶¶ 8, 82.) No further detail is required at this early stage; Defendants' cited cases are inapposite. See Smart, 2024 WL 2943760, at *3 ("Plaintiff has not alleged which specific web pages he clicked on."); Santoro v. Tower Health, No. 22-4580, 2024 WL 1773371, at *4 (E.D. Pa. Apr. 24, 2024) ("The second amended complaint tells us nothing about the specific pages [the plaintiff] clicked on."); Murphy v. Thomas Jefferson Univ. Hosps., Inc., No. 22-4674, 2023 WL 7017734, at *3 (E.D. Pa. Oct. 10, 2023) (no mention of specific web pages).

Defendants argue that dismissal of the Complaint under Rule 8 and Rule 12(b)(6) is further warranted because Yates inconsistently pleads *who* intercepted her communications: Defendants or the Third Parties. (Doc. No. 10 at 13–15 (citing Doc. No. 1 ¶¶ 26, 83).) Yet, Yates may plead in the alternative that Defendants both directly intercepted her communications as well as procured the Third Parties to do so. Fed. R. Civ. P. 8(a)(3); <u>see, e.g.</u> <u>Lonegan v. Hasty</u>, 436 F. Supp. 2d 419, 428 (E.D.N.Y. 2006). (Doc. No. 1 ¶ 110 ("Defendants intentionally intercepted, endeavored to intercept, and/or procured another person to intercept the electronic communications of Plaintiff").)

<u>*ECPA*</u>

The Parties agree that because Defendants were parties to each communication, Defendants are liable under this statute only if the communications were "intercepted for the purpose of committing any tortious or criminal act in violation of the Constitution or laws of the United States or of any State." 18 U.S.C. § 2511(2)(d). (Doc. No. 10 at 15–16; Doc. No. 18 at 13–14.) Defendants argue that Yates fails to plead any such tortious or criminal act independent of the interception itself. (Doc. No. 10 at 17.) I disagree: because "the intention to violate HIPAA is sufficient to invoke the crime-tort exception to the ECPA," Yates has stated a claim under the ECPA. <u>Murphy</u>, 2024 WL 4350328, at *4.

Defendants argue that Yates' ECPA claims nonetheless fail because, "[t]o the extent the Complaint alleges that Meta and Google, not [Defendants], were the parties that . . . intercepted Plaintiff's communications," civil liability under the ECPA does not extend to procurers or aiders and abettors. (Doc. No. 10 at 17–18.) Neither Party identifies any Third Circuit authority on this issue. (<u>See</u> Doc. Nos. 10 at 18, 18 at 16–18, 19 at 9–10.) As I have discussed, Yates pleads that Defendants both directly intercepted her communications and procured the Third Parties to do so.

Accordingly, Yates has sufficiently stated a claim against Defendants for their direct interception, without deciding at this time whether they could also be liable for their procurement.

*ECPA and WESCA*

Defendants argue that both Yates' ECPA and WESCA claims fail because: (1) Defendants disclosed the use of the third-party tracking technologies, to which Yates consented; (2) Yates' claims are time barred; and (3) Yates fails to allege that Defendants intercepted the "contents" of her communications, within the meaning of each statute. (Doc. No. 10 at 18–25.) Again, I disagree.

First, "[e]ven if a privacy statement discloses some kinds of tracking, a defendant can still be liable for other kinds of tracking that the privacy statement does not disclose." Popa v. Harriet Carter Gifts, Inc., 426 F. Supp. 3d 108 (W.D. Pa. 2019). Although MDLIVE's Privacy Policy disclosed that it "may use cookies, pixel tags, . . . and other technologies to receive and store certain types of information," it also stated that "MDLIVE will use and disclose PHI only in accordance with . . . HIPAA." (Doc. No. 10, Ex. H at 6.) Similarly, although Cigna's Website Privacy Notice disclosed that "third-party ad companies may use cookies, pixel tags, and other tools to collect browsing and activity information," it also disclosed that "[i]dentifiable member information [it] collect[s] will be treated as [PHI] under HIPAA". (Id., Ex. G at 2, 8.) As Yates alleges that Defendants used the third-party tracking technologies in violation of HIPAA, she did not consent to that particular, undisclosed use. (Doc. No. 1 ¶¶ 24, 26, 30, 115, 131.)

Second, because Yates alleges that she used Defendants' platform to book a medical appointment "on or around November 22, 2023," and filed her Complaint on May 30, 2025—i.e., less than two years later—at least some of her claims fall squarely within the ECPA and WESCA's limitations period. (Doc. No. 1; id. ¶ 8.) Moreover, "the statute of limitations on [Yates']

[WESCA] and [ECPA] claims does not begin to run until [she] discovered or with the exercise of reasonable diligence should have discovered the acts constituting the alleged violation[s]." Ideal Aerosmith, Inc. v. Acutronic USA, Inc., No. 07-1029, 2007 WL 4394447, at *3 (E.D. Pa. Dec. 13, 2007). As "the Complaint does not allege when [Yates] discovered the purported" violations, "questions of fact preclude dismissal of" any of her claims "on statute of limitations grounds." Id.

Third, Yates has sufficiently alleged that Defendants intercepted the "contents" of her communications, not merely "extrinsic information used to route a communication." In re Google Inc. Cookie Placement Consumer Priv. Litig., 806 F.3d 125, 135 (3d Cir. 2015); 18 U.S.C. § 2510(8) (defining "contents" as "any information concerning the substance, purport, or meaning of that communication"); Pa. Cons. Stat. Ann. § 5702 (same). "[A]t this early juncture," I am "reluctant to find, as a matter of law, that [Defendants'] alleged interception of [Yates'] 'browsing activities' could not constitute a violation of [the WESCA]" or the ECPA. Vonbergen v. Liberty Mut. Ins. Co., 705 F. Supp. 3d 440, 456–57 (E.D. Pa. 2023); see also Braun v. Philadelphia Inquirer, LLC, 2023 WL 7544160, at *5 (E.D. Pa. Nov. 13, 2023) ("[defendant's] argument to the effect that URLs are not substantive content of a communication . . . fails to persuade[.]")

## IV. CONCLUSION

**AND NOW**, this 10th day of December, 2025, upon consideration of Plaintiff's Complaint (Doc. No. 1), Defendants' Motion to Dismiss (Doc. No. 10), Plaintiff's Response in Opposition (Doc. No. 18), and Defendants' Reply (Doc. No. 19), it is hereby **ORDERED** that Defendants' Motion (Doc. No. 10) is **DENIED**. Defendants **SHALL** file their answer **on or before 12:00 p.m. on December 24, 2025.**

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*

Paul S. Diamond, J.